**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**ANDRE McCLAIN**,

                           Petitioner,

         - v -                                         Civ. No. 9:10-CV-0442
                                                                 (MAD/RFT)

**MARK BRADT**, *Elmira Correctional Facility,*

                         Respondent.

**APPEARANCES:**                              **OF COUNSEL:**

**ANDRE McCLAIN**
Petitioner, *Pro Se*
07-B-1165
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

**HON. ERIC T. SCHNEIDERMAN**           **ALYSON J. GILL, ESQ.**
Attorney General of the State of New York     Assistant Attorney General
Attorney for Respondent
120 Broadway
New York, NY 10271

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Petitioner Andre McClain brings this Petition for a Writ of *Habeas Corpus,* pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his current incarceration on the grounds that (1) his sentence was unduly harsh and excessive, (2) the lower court failed to issue a certificate of conviction, pursuant to N.Y. CRIM. PROC. LAW § 380.60, authorizing the execution of his sentence, and (3) the lower court erred in denying Petitioner's suppression motion. Dkt. No. 1, Pet.

Respondent provided the Court with the appropriate state court records and opposes the Petition.[1] Dkt. No. 8, Resp't Mem. of Law. Petitioner has filed a Traverse. Dkt. No. 13. For the reasons stated below, we recommend that the Petition be **DENIED**.

## I. BACKGROUND

According to Respondent's Opposition, on February 18, 2006, during and in furtherance of or immediately after his attempt to rob Michael Brown, Petitioner stabbed Mr. Brown in the torso causing his death. Resp't Mem. of Law at p. 2. Thereafter, Petitioner was positively identified as the perpetrator by multiple witnesses, including some of his accomplices. *See* Dkt. No. 10-2 at pp. A25–A27; *see also* Dkt. No. 10-7, Murder 2nd Hr'g Tr., dated July 17, 2006, at p. 21. After being arrested and taken to the police station, and despite receiving Miranda warnings, Petitioner waived his rights to remain silent and have a lawyer present and made a statement to police. Dkt. No. 10-7, Murder 2nd Hr'g Tr., at pp. 21–22, 25–26, & 28–37. However, Petitioner refused to sign a written version of the statement without first showing it to a lawyer. *Id.* at p. 37. Prior to trial, Petitioner's counsel moved to suppress the identification evidence as well as statements made by Petitioner after his arrest on the ground, *inter alia*, that he was unlawfully seized in contravention of the Fourth Amendment. Dkt. No. 10-2 at p. A 35. The trial court denied the motion. *Id.* at p. A25.

Thereafter, Petitioner was indicted on eleven separate charges. However, on January 11, 2007, a plea agreement was reached whereby all charges pending against Petitioner were resolved in exchange for a plea of guilty to one count of murder in the second degree (N.Y. PENAL LAW (hereinafter "NPL") § 125.25 (3)), a class A-1 felony, with the understanding that Petitioner would be sentenced to an indeterminate sentence of no more than twenty-two (22) years to life, and no less

---

[1] The State Court Record consists of Docket Numbers 10 through 10-7.

than fifteen (15) years to life. *See* Dkt. No. 10-7, Plea Tr., dated Jan. 11, 2007, at pp. 2–3 & 9–10. On April 3, 2007, Petitioner was sentenced to an indeterminate term of eighteen (18) years to life. Dkt. No. 10-7, Sentencing Tr., dated Apr. 3, 2007, at pp. 7–8.

Petitioner immediately appealed his conviction to the New York State Supreme Court, Appellate Division, Fourth Department (hereinafter "Appellate Division"), claiming that the trial court erred in denying his pre-trial motion to suppress statements made by him, and that his sentence was unduly harsh and excessive. *See* Dkt. No. 10-1 at p.1; Dkt. No. 10-2 at p. A2. On November 20, 2009, the Appellate Division affirmed the judgment of conviction. *People v. McClain*, 890 N.Y.S.2D 752 (N.Y. App. Div., 4th Dep't. 2009). On November 30, 2009, Petitioner applied for leave for review to the New York State Court of Appeals (hereinafter "Court of Appeals") solely on the ground that the trial court erred in denying his pre-trial motion to suppress. Dkt. No. 10-5. The Court of Appeals denied leave to appeal on March 1, 2010. *People v. McClain*, 14 N.Y.3d 803 (N.Y. Ct. App. 2010).

On April 9, 2010, Petitioner filed the instant Petition. Respondents concede that the Petition is timely, however they contend that only Petitioner's suppression claim was fully exhausted. Resp't Mem. of Law at pp. 13–14.

## II. DISCUSSION

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a federal court may not grant habeas relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either

> 1) resulted in a decision that was contrary to, or involved an unreasonable application, of, clearly established Federal law, as determined by the Supreme Court

of the United States; or

2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Hawkins v. Costello*, 460 F.3d 238 (2d Cir. 2006); *DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Miranda v. Bennett*, 322 F.3d 171, 177-78 (2d Cir. 2003); *Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001).

The petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234679, at *3 (S.D.N.Y. Aug. 28, 2003). The AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d at 66; *Boyette v. LeFevre*, 246 F.3d at 88 (quoting § 2254(e)(1)) (internal quotations omitted).

The Second Circuit has provided additional guidance concerning application of this test, noting that:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief: 1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? 2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? 3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams and Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).

### B. Petitioner's Claims

Respondents argue that Petitioner has failed to exhaust his claim that his sentence was harsh and excessive. Resp't Mem. of Law at p. 15. However, because we find that the following two claims are not cognizable on federal *habeas* review, we do not reach the issue of whether or not each

were exhausted.

### *i. Petitioner's Sentence*

Here, the issue of whether a sentence is overly harsh or excessive is not a proper issue for review in the federal *habeas* context unless the sentence was outside of the permissible range provided for by state law. *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law.").

Under New York Law, the crime for which Petitioner was convicted, murder in the second degree, a class A-1 felony, is punishable by an indeterminate sentence with a maximum of life in prison, and a minimum of not less than fifteen (15), nor more than twenty-five (25) years. NPL §§ 70.00(3)(a)(i) & 125.25(3). Here Petitioner was sentenced to and indeterminate sentence of eighteen (18) years to life. Dkt. No. 10-7, Sentencing Tr. at pp. 7–8. Thus, in this case Petitioner's sentence was within the range permissible by state law and therefore Petitioner has not presented a cognizable claim for purposes of *habeas* review. *See White v. Keane*, 969 F.2d at 1383.

Finally, to the extent that Petitioner has challenged his sentence under the Eighth Amendment's prohibition of cruel and unusual punishment, that claim also fails. *See* Traverse at ¶¶ 16–17. The Eighth Amendment forbids only extreme sentences, which are grossly disproportionate to the crimes of conviction. *Lockyer v. Andrade*, 538 U.S. 63, 72–73 (2003); *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991). However, "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980). For example, the Supreme Court has held that, for offenses less than manslaughter, sentences longer than twenty-five (25) years are

not grossly disproportionate. *See Ewing v. California*, 538 U.S. 11 (2003) (25 years to life for grand theft) (cited in *Staubitz v. Lord*, 2006 WL 3490335, at *2 (E.D.N.Y. Dec. 1, 2006)) & *Harmelin v. Michigan*, 501 U.S. at 957 (life in prison without the possibility of parole for cocaine possession). Petitioner's sentence was not contrary to or an unreasonable application of that precedent. *See Long v. Lord*, 2006 WL 1977435, at *14 (N.D.N.Y. Mar. 21, 2006) (sentences within state limits "are simply not cruel and unusual punishment in the constitutional sense.").

Since the sentence imposed was plainly within the limits authorized by state statute, and was not grossly disproportionate to the crime of conviction, we recommend that this ground of the Petition be **DENIED**.

### ii. *Certificate of Conviction*

Petitioner claims the lower court failed to properly authorize the execution of his sentence because the trial court failed to issue a certificate of conviction, pursuant to N.Y. CRIM. PROC. LAW § 380.60, and therefore, the subsequent sentence and commitment order issued, pursuant to N.Y. CRIM. PROC. LAW § 430.20, was invalid as a matter of law. *See* Pet. at pp. 9–10. To begin with we note that the failure to obey a state procedural law is not an appropriate subject for federal *habeas* review. *See Beverly v. Walker*, 899 F. Supp. 900, 908 (N.D.N.Y. Aug. 29, 1995) ("A federal court may entertain a state prisoner's habeas corpus petition only to the extent that the petition alleges custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Accordingly, federal habeas corpus relief does not lie for errors of state law that do not rise to the level of federal constitutional violations.") (citing *Estelle v. McGuire,* 502 U.S. 62, 67 (1991)). The claim at issue in the instant case, that the state failed to follow certain state regulations regarding the technical manner in which a sentence is executed, is based purely on N.Y. CRIM. PROC. LAW §§

380.60 and 430.20, and as such does not state a proper basis for federal *habeas* review. *See Guzman v. Couture*, 2003 WL 165746, at *13 (S.D.N.Y. Jan. 22, 2003) ("[B]ecause the first specification of petitioner's sentencing claim regarding the application of N.Y. Crim. Proc. L. § 430.20 is based entirely on state law, it should be dismissed as improperly raised in a petition for habeas corpus."); *Morrison v. McCray*, 2011 WL 1085306, at *8 (W.D.N.Y. Mar. 21, 2011) ("Because petitioner's sentencing claim regarding the application of C.P.L. § 430.10 is based entirely on state law, it is not cognizable on habeas review.") (citing *Guzman v. Couture*).

Therefore, we recommend that the Petition be **DENIED** as to this ground.

### iii. Suppression Motion

Petitioner next claims that the trial court erred in denying his motion to suppress admissions he made to police after his arrest, which was in contravention of the Fourth Amendment.[2] Pet. at p. 6. He alleges that "the people failed to meet their burden of going forward to establish probable cause to justify their seizure of Petitioner and while the police gave Miranda warning[s], there was no showing of attenuation to permit admission of Petitioner's confession." *Id.* Petitioner's claim is not cognizable on federal *habeas* review. *See Stone v. Powell*, 428 U.S. 465, 494 (1976); *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992); *Campbell v Greene,* 440 F. Supp. 2d 125, 138-39 (N.D.N.Y. July 19, 2006).

Pursuant to *Stone v. Powell*, a petitioner is not entitled to federal *habeas* relief if the state courts provided "an opportunity for full and fair litigation" of a claim under the Fourth Amendment. *Stone v. Powell*, 428 U.S. at 482. The Supreme Court has since extended *Stone* to preclude federal

---

[2] The Court notes that Petitioner's claim is not barred by virtue of his guilty plea. *Lefkowitz v. Newsome,* 420 U.S. 283 (1975) (noting that because New York State Law "permits a defendant to plead guilty without forfeiting his right to judicial review of specified constitutional issues, the defendant is not foreclosed from pursuing those constitutional claims in a federal habeas proceeding").

*habeas* review of a "Fourth Amendment challenge to the introduction of a confession made after an allegedly unlawful arrest." *Glover v. Herbert,* 431 F. Supp. 2d 335, 338 (W.D.N.Y. May 23, 2006) (citing *Cardwell v. Taylor*, 461 U.S. 571, 572–73 (1983) (reversing grant of *habeas corpus* where circuit court of appeals had found that there was an unattenuated causal link between the custodial statements made by respondent and a violation of the Fourth Amendment)). A federal court may only review a claim based on the Fourth Amendment "(a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Capellan v. Riley,* 975 F.2d at 70 (citing *Gates v. Henderson*, 568 F.2d 830, 840 (2d Cir. 1977)); *Campbell v. Greene,* 440 F. Supp. 2d at 138 (citing *Capellan v. Riley*).

New York law provides such a corrective procedure for Fourth Amendment claims in the form of a suppression hearing. *See* N.Y. CRIM. PROC. LAW § 710.10, *et seq.*; *see also Capellan v. Riley,* 975 F.2d at 70 n.1 (holding that "federal courts have approved New York's procedure for litigating Fourth Amendment claims . . . as being facially adequate").

Here, Petitioner availed himself of that procedure by making a pre-trial motion to suppress his oral and written statements which was denied after a hearing, and by appealing that denial to the Appellate Division and the Court of Appeals. Dkt. No. 10-1 at p. 1; Dkt. No. 10-2 at pp. A40–A42; Dkt. No. 10-5. Both the trial court and the Appellate Division rendered written opinions which clearly stated their findings of fact and conclusions of law. Dkt. No. 10-2 at pp. A25–A31; *People v. McClain*, 890 N.Y.S.2d 752. Significantly, Petitioner does not now allege that he was precluded from a full and fair hearing on a Fourth Amendment issue, rather he argues only that the State Court

misapplied federal law when it denied his suppression motion. Traverse at ¶¶ 14–15. The Second Circuit has held that "once it is established that a petitioner has had an opportunity to litigate his or her Fourth Amendment claim, the court's denial of the claim is a conclusive determination that the claim will never present a valid basis for federal habeas relief." *Graham v. Costello*, 299 F.3d 129, 134 (2d Cir. 2002). There is no evidence that the trial court failed to conduct a suppression hearing, or that Petitioner was precluded from asserting a Fourth Amendment claim. Thus to the extent that Petitioner's claim implicates the Fourth Amendment, it is barred by *Stone* and *Cardwell*. *See Campbell v. Greene,* 440 F. Supp. 2d at 139-40 (citing, *inter alia*, *Morales v. Walsh*, 2003 WL 23185770, at *15 (E.D.N.Y. Oct. 30, 2003)).

Therefore, we recommend that the Petition be **DENIED** as to this ground.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DENIED** in its entirety; and it is further

**RECOMMENDED**, that because the Court finds Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability should issue with respect to any of Petitioner's claims. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000), *cert. denied* 531 U.S. 873 (2000); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: April 25, 2013
Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge