**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ANDRE McCLAIN,**

                                    **Petitioner,**
     vs.                                                              **9:10-cv-442**
                                                                                **(MAD/RFT)**

**MARK BRADT,** *Elmira Correctional Facility,*

                                    **Respondent.**
_____

**APPEARANCES:**                                       **OF COUNSEL:**

**ANDRE McCLAIN**
07-B-1165
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902
Petitioner *pro se*

**HON. ERIC T. SCHNEIDERMAN**                    **ALYSON J. GILL, AAG**
Attorney General of the State of New York
120 Broadway
New York, New York 10271
Attorney for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On April 3, 2007, Petitioner Andre McClain was sentenced to eighteen years to life for murder in the second degree, attempted robbery in the first degree, criminal possession of a weapon in the third degree, and conspiracy in the fourth degree. *See* Dkt. No. 1 at 1. Petitioner brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his incarceration on the grounds that (1) his sentence was unduly harsh and excessive, (2) the lower court failed to issue a certificate of conviction to authorize the execution

of his sentence pursuant New York Criminal Procedure Law § 380.60, and (3) the lower court erred in denying Petitioner's suppression motion. *See* Dkt. No. 1 at 5-8. Respondent opposes the petition.[1] *See* Dkt. No. 8 at 1.

Currently before the Court is Petitioner's objection to Magistrate Judge Treece's Report and Recommendation in which he recommended that this Court deny and dismiss the petition. *See* Dkt. No. 19.

## II. BACKGROUND

On February 17, 2006, in an attempt to rob Michael Brown, Petitioner stabbed Mr. Brown, causing his death. *See* Dkt. No. 10-7 at 152-53.[2] Multiple witnesses, including his accomplices, positively identified Petitioner as the perpetrator. *See id.* at 7-18. After being arrested and taken to the police station, Petitioner received his *Miranda* warnings. *See id.* at 25-26, 29-31. Petitioner waived his rights to remain silent and have a lawyer present, and made a statement to police. *See id.* at 31. When presented with a written copy of his statement, Petitioner stated that it was true and accurate, but he refused to sign it without first meeting with an attorney. *See id.* at 37. Prior to trial, Petitioner moved to suppress his statements as well as the witnesses' identifications of him, claiming that he was unlawfully seized in contravention of the Fourth Amendment. *See* Dkt. No. 10-2 at 45. The trial court denied the motion. *See id.* at 35.

---

[1] The state court record consists of Docket Numbers 10 through 10-7. To avoid confusion, any time the Court refers to a specific page number for an entry on the docket, it will cite to the page number assigned by the Court's electronic filing system.

[2] Since the parties have not objected to Magistrate Judge Treece's factual recitation and because Magistrate Judge Treece accurately set forth the relevant background information, the Court has adopted much of the "Background" facts from his April 25, 2013 Report-Recommendation and Order.

Petitioner was indicted on eleven counts, and on January 11, 2007, the parties reached a plea agreement. *See id.* at 149-156. Under this plea agreement, all charges pending against Petitioner were resolved in exchange for a plea of guilty to one count of murder in the second degree under New York Penal Law § 125.25(3), with the understanding that Petitioner would be sentenced to an indeterminate sentence of no less than fifteen years to life, and no more than twenty-two years to life. *See id.* at 150-157. Petitioner was sentenced to an indeterminate term of eighteen years to life. *See id.* at 164.

Petitioner immediately appealed his conviction to the New York State Supreme Court, Appellate Division, Fourth Department ("Appellate Division"), alleging that the trial court erred in denying his pre-trial motion to suppress his statements, and that his sentence was unduly harsh and excessive. *See* Dkt. No. 10-1 at 6; *see* Dkt. No. 10-2 at 6. On November 20, 2009, the Appellate Division affirmed the conviction. *See People v. McClain*, 67 A.D. 3d 1480, 1481 (4th Dep't 2009).

On April 9, 2010, Petitioner filed a petition for a writ of habeas corpus. *See* Dkt. No. 1 at 15. In response to the petition, Respondent asserted that two of Petitioner's claims, *i.e.*, that his sentence was unduly harsh and excessive and that the sentencing court failed to issue a Certificate of Conviction pursuant to CPL § 380.60, had not been exhausted. *See* Dkt. No. 8 at 18-19.

On April 25, 2013, Magistrate Judge Treece issued a Report-Recommendation and Order, which recommended that Petitioner's claim be denied in its entirety. *See* Dkt. No. 16 at 9. Petitioner objected to the Report and Recommendation, stating that he "did not sign a consent to defer . . . to a Magistrate Judge," and that he therefore "want[s] the Report-Recommendation and Order herein to be set aside for lack of appropriate jurisdiction to have issued it." *See* Dkt. No. 19 at 1.

In his Report and Recommendation, Magistrate Judge Treece discussed that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may grant habeas relief to a state prisoner if the state court adjudicated the merits of the claim and such adjudication either

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*See* Dkt. No. 16 at 3 (citing 28 U.S.C. § 2254(d); *see, e.g., Hawkins v. Costello*, 460 F.3d 238, 242-43 (2d Cir. 2006) (citations omitted)). Magistrate Judge Treece further stated that "the petitioner bears the burden of proving by a preponderance of the evidence that he is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *See* Dkt. No. 16 at 4 (citing 28 U.S.C. § 2254(a); *Jones v Vacco*, 126 F.3d 408, 415 (2d Cir. 1997) (citation omitted)). In addition, the "determination of a factual issue made by a State court shall be presumed to be correct." *See* Dkt. No. 16 at 4 (citing 28 U.S.C. 2254(e)(1); *e.g.*, *DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005) (citation omitted)). To determine whether a federal court may grant habeas relief under AEDPA, the court must ask:

> 1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? 2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? 3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*See* Dkt. No. 16 at 4 (citing *Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citation omitted)).

Magistrate Judge Treece did not decide the issue of whether Petitioner failed to exhaust his claim that his sentence was harsh and excessive because he determined that Petitioner's claim

4

was not cognizable on federal habeas review. *See id.* at 4-5. Magistrate Judge Treece stated that "the issue of whether a sentence is overly harsh or excessive is not a proper issue for review in the federal habeas context unless the sentence was outside of the permissible range provided for by state law." *See id.* at 5 (citing *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992)). Under Petitioner's plea bargain, he was informed that his minimum sentence would be between fifteen and twenty-two years. Under New York law, murder in the second degree is punishable by a minimum of fifteen to twenty-five years to life. *See id.* at 5 (citing New York Penal Law §§ 70.00(3)(a)(i), 125.25(3)). Magistrate Judge Treece determined that Petitioner's sentence of eighteen years to life is within the permissible range, and therefore Petitioner's claim is not cognizable on habeas review. *See* Dkt. No. 16 at 5 (citing *White*, 969 F.2d at 1383).

Magistrate Judge Treece also found that Petitioner's claim that his sentence constitutes cruel and unusual punishment prohibited by the Eighth Amendment fails because his sentence is not grossly disproportionate to the crime of conviction. *See id.* (citing Dkt. No. 13 at 8-9). "The Eighth Amendment forbids only extreme sentences, which are grossly disproportionate to the crimes of conviction . . . [and] outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." *See id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 72-72 (2003); *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)). Magistrate Judge Treece then determined that Petitioner's sentence was "not contrary to or an unreasonable application of [Supreme Court] precedent", and that the claim should be denied. *See id.* at 6 (citing *Long v. Lord*, No. 03-CV-0461, 2006 U.S. Dist. LEXIS 50439, *43 (N.D.N.Y. Mar. 21, 2006)).

Concerning Petitioner's claim that the lower court failed to issue a certificate of conviction pursuant to N.Y. Crim. Proc. Law § 380.60 and that, therefore, the sentence and commitment

order issued were invalid, Magistrate Judge Treece stated that "the failure to obey a state procedural law is not an appropriate subject for federal *habeas* review." *See* Dkt. No. 16 at 6 (citing *Beverly v. Walker*, 889 F. Supp. 900, 908 (N.D.N.Y. 1995)). In fact, "[a] federal court may entertain a state prisoner's habeas corpus petition only to the extent that the petition alleges custody in violation of the Constitution, laws, or treaties of the United States." *See id.* (citing 28 U.S.C. § 2254(a)). The Report-Recommendation and Order determined that because Petitioner's claim is based entirely on New York State law, the claim is not proper for federal habeas review. *See* Dkt. No. 16 at 6-7 (citing *Guzman v. Couture*, No. 99 Civ. 11316, 2003 U.S. Dist. LEXIS 1004, *35 (S.D.N.Y. Jan. 13, 2003); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). As such, Magistrate Judge Treece concluded that Petitioner's petition, as it pertains to his claim that his sentence was invalid because the trial court failed to issue a certificate of conviction, should be denied. *See id.* at 7.

As to Petitioner's claim that the trial court erred in denying his motion to suppress his admissions in contravention of the Fourth Amendment, Magistrate Judge Treece determined that although "Petitioner's claim is not barred by virtue of his guilty plea," Petitioner's claim is not cognizable under federal habeas review. *See id.* (citing *Stone v. Powell*, 428 U.S. 465, 494 (1976); *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992); *Campbell v. Greene*, 440 F. Supp. 2d 125, 138-39 (N.D.N.Y. 2006)). Magistrate Judge Treece concluded that Petitioner is not entitled to federal habeas relief as "the state courts provided 'an opportunity for full and fair litigation' of the claim under the Fourth Amendment." *See id.* (citing *Stone*, 428 U.S. at 482). This applies to "Fourth Amendment [challenges] of a confession made after an allegedly unlawful arrest." *See id.* at 7-8 (citing *Glover v. Herbert*, 431 F. Supp. 2d 335, 338 (W.D.N.Y. 2006) (citing *Cardwell v. Taylor*, 461 U.S. 571, 572-73 (1983)).

6

Moreover, Magistrate Judge Treece stated that a "federal court may only review a claim based on the Fourth Amendment '(a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *See id.* at 8 (citing *Capellan*, 975 F.2d at 70). Magistrate Judge Treece determined that "New York law provides such a corrective procedure for Fourth Amendment claims in the form of a suppression hearing", and that "Petitioner availed himself of that procedure." *See id.* (citing N.Y. Crim. Proc. Law § 710.10, *et seq.*; *Cappellan*, 975 F.2d at 70 n.1). Petitioner made "a pre-trial motion to suppress . . . which was denied after a hearing, and [ ] [appealed] that denial to the Appellate Division and the Court of Appeals." *See* Dkt. No. 16 at 8 (citing Dkt. No. 10-1 at 3; Dkt. No. 10-2 at 44-46). Magistrate Judge Treece found that "[t]he trial court and the Appellate Division rendered written opinions which clearly stated their findings of fact and conclusions of law." *See id.* (citing Dkt. No. 10-2 at 29-35; *People v. McClain*, 67 A.D. at 1480-81).

Magistrate Judge Treece stated that "'once it is established that a petitioner has had an opportunity to litigate his or her Fourth Amendment claim, the court's denial of the claim is a conclusive determination that the claim will never present a valid basis for federal habeas relief.'" *See id.* at 9 (citing *Graham v. Costello*, 299 F.3d 129, 134 (2d Cir. 2002)). The Report-Recommendation and Order concluded that Petitioner's Fourth Amendment claim is barred, as there "is no evidence that the trial court failed to conduct a suppression hearing, or that Petitioner was precluded from asserting a Fourth Amendment claim." *See id.*

Magistrate Judge Treece therefore recommended that the petition be denied in its entirety, and that no certificate of appealability be issued with respect to any of Petitioner's claims, as

7

Petitioner had not "made a 'substantial showing of the denial of a constitutional right' pursuant to 28 U.S.C. § 2253(c)(2)." *See id.*

### III. DISCUSSION

**A.     Standard of Review**

When a petitioner makes "specific, written objections to proposed findings and recommendations . . . the district court must review *de novo* those portions of the Magistrate Judge's findings and recommendations." *Almonte v. N.Y. State Div. of Parole*, No. 9:04-CV-484, 2006 U.S. Dist. LEXIS 2926, *7-8 (N.D.N.Y. Jan. 18, 2006) (citing 28 U.S.C. §§ 2254; L.R. 72.1(c); 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Rule 8 of the Rules Governing § 2254 Petitions in the United States District Courts).  When the petitioner "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Farid v. Bouey*, 554 F. Supp. 2d 301, 306  (N.D.N.Y. 2008) (citations and quotations omitted).  Further, "where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review a report and recommendation for clear error." *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007) (citations omitted).

**B.     Merits of Petitioner's Objection**

In the present case, Petitioner's general objection is that "[he] did not sign a consent to defer the [ ] matter to a Magistrate judge." *See* Dkt. No. 19 at 1.  This argument is without merit. *See* 28 U.S.C. § 636.  Congress has provided that "a United States district judge may refer . . .

8

petitions for habeas corpus[] to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985). Magistrate judges can evaluate habeas corpus petitions without first receiving consent from the parties.

Since the Court does not need the parties' consent to refer a habeas petition to a magistrate judge for a **recommended** disposition, Petitioner's objection is without merit.

**C.     Review of Recommendation and Order**

The Court has reviewed Judge Treece's recommendations regarding Petitioner's claims and finds that he correctly determined them to be without merit. Petitioner's claim that his sentence is harsh and excessive is not cognizable on federal review because Petitioner's sentence was within the range dictated by statute for his crime. Petitioner's claim regarding the certificate of conviction cannot be examined by a federal court because it is purely an issue of state law. Finally, Petitioner's Fourth Amendment suppression claim cannot be considered by this Court because the state has corrective mechanisms in place for these claims, of which Petitioner has taken advantage.

Based on the foregoing, the Court adopts Magistrate Judge Treece's Report and Recommendation in its entirety.

**D.     Certificate of Appealability**

The Court notes that 28 U.S.C. § 2253(c)(1) provides, in relevant part, that, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from – (A) the final order in a habeas corpus proceeding in which the detention

9

complained of arises out of process issued by a State court[.]"[3] 28 U.S.C. § 2553(c)(1). A court may only issue a Certificate of Appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2).

Since Petitioner has failed to make such a showing with regard to any of his claims, the Court declines to issue a Certificate of Appealability in this matter. See *Hohn v. United States*, 524 U.S. 236, 239-40 (1998) (quotation omitted). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### IV. CONCLUSION

After carefully considering Magistrate Judge Treece's Report-Recommendation and Order, Petitioner's objections thereto, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Treece's Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Petitioner's petition for a writ of habeas corpus is **DENIED** and **DISMISSED**; and the Court further

**ORDERS** that no Certificate of Appealability shall be issued with respect to any of Petitioner's claims; and the Court further

---

[3] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed in such actions "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §2253(c)." Fed. R. App. P. 22(b)(1).

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case.

**IT IS SO ORDERED.**

Dated: June 24, 2013
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge